**REITH**

v.

**SKRUCK et al.**

Wadsworth Municipal Court, Ohio.

Decided Jan. 30, 1995.

*Fred Reith, pro se,* plaintiff.

*Linda Hoffmann,* for defendants Larry Skruck and Laura Skruck.

JAMES L. KIMBLER, Judge.

Plaintiff, Fred Reith, is the owner of property located in Lodi, Ohio, at 110 N. Academy Street. There are two apartments located at that address. One was rented to the defendants, Larry and Laura Skruck, pursuant to a written month-to-month tenancy. The agreement provided that the defendants would pay $450 per month to the plaintiff as rent.

On November 23, 1994, the plaintiff served what appears to be a thirty-day notice to vacate upon the defendants. Attached to that notice, however, was a letter explaining that as of January 1, 1995, the rent per month would be increased to $600. Additionally, the thirty-day notice to vacate was served on a three-day notice form drafted to comply with R.C. 1923.04.

R.C. 5321.17 states that either party to a month-to-month tenancy may terminate the tenancy by notice given to the other party at least thirty days prior to the periodic rental date. The issue in this case is whether the notice given to the defendants was a proper notice of termination.

R.C. 5321.01 *et seq.* is a remedial statute. It was passed in 1974 to clarify the relationship between landlords and tenants in Ohio. The act gave parties to a rental agreement rights that they did not necessarily enjoy under the common law and it imposed upon them responsibilities that were not necessarily imposed under the common law. An example of this is found in R.C. 5321.17, which clarifies how a periodic tenancy is to be terminated.

Pursuant to R.C. 1.11, remedial laws are to be liberally construed "in order to promote their object and assist the parties in obtaining justice." In this case, the court finds that pursuant to R.C. 1.11, a notice of termination served upon a tenant or a landlord pursuant to R.C. 5321.17 must be unequivocal. The notice of termination in this case was not. The form of the notice combined with the announcement of an increase in rent gave conflicting signals to the tenants and did not unequivocally inform them that their tenancy would be terminated as of January 1, 1995.

This court finds that the purpose of R.C. 5321.17 is to make sure that a tenant has at least as long a period as his or her periodic tenancy to search for

new lodging if a landlord wishes to terminate the tenancy. That purpose is frustrated by allowing notices such as the one used by the plaintiff in this case. Tenants receiving the kind of notice used in this case might very well believe that they could stay in the apartment if they were willing to pay the increased rent.

Since the court finds that the notice of termination was defective, and that is the only reason for the eviction, judgment must be entered for the defendants. It is the understanding of the court that the plaintiff is holding a check for $600 rent for January. This court would see no reason why this check could not be cashed by the plaintiff. Costs are taxed to the plaintiff.

IT IS SO ORDERED, ADJUDGED, AND DECREED.

*So ordered.*