MAGGIORE, APPELLEE, *v.* KOVACH, D.B.A. ALL TUNE & LUBE, APPELLANT.

[Cite as *Maggiore v. Kovach,* 101 Ohio St.3d 184, 2004-Ohio-722.]

(Nos. 2003–0002 and 2003–0020—Submitted November 4, 2003—Decided March 3, 2004.)

MOYER, C.J.

{¶ 1} This appeal presents two legal issues: (1) whether R.C. 5321.17(B) requires a landlord to provide a commercial tenant at least 30 days' notice to terminate a tenancy and (2) whether the notice to vacate the premises in the instant case was sufficient under R.C. 1923.04. We answer the first question in the negative and the second question in the affirmative.

I

{¶ 2} Plaintiff-appellee, Christopher Maggiore, owns the commercial property at 2535 Fulton Road N.W. in Canton, Ohio. Maggiore leased the property to defendant-appellant, Charles Kovach, d.b.a. All Tune & Lube ("Kovach"). After Kovach allegedly failed to pay rent from October 2001 through January 2002, Maggiore hand-delivered to Kovach a letter, dated January 23, 2002, which provided:

{¶ 3} "By this letter, I am hereby terminating your tenancy at 2535 Fulton Road, Canton, Ohio, effective February 28, 2002.

{¶ 4} "Please make arrangements to move out of the building on or before that date."

{¶ 5} Kovach failed to vacate the premises on or before February 28, 2002. As a result, Maggiore filed an eviction action against Kovach in the Canton Municipal Court, seeking restitution of the property at 2535 Fulton Road. Kovach

answered and moved to dismiss the eviction action on the basis that Maggiore had failed to comply with R.C. 1923.04. The magistrate denied the motion to dismiss and recommended the issuance of a writ of restitution. In his objections to the magistrate's report, Kovach argued that Maggiore had failed to serve him with a three-day notice to vacate the premises as required by R.C. 1923.04 and that the three-day notice cannot be served until the 30-day notice period under R.C. 5321.17(B) had expired. The trial court disagreed and adopted the magistrate's report.

{¶ 6} Kovach appealed to the Fifth District Court of Appeals, which affirmed the judgment of the trial court. The Fifth District held that the 30-day notice requirement under R.C. 5321.17 did not apply to commercial leases and, therefore, that the letter dated January 23, 2002, satisfied the requisite three-day notice to vacate under R.C. 1923.04. The Fifth District determined that its judgment conflicted with the decision of the Sixth District Court of Appeals in *Sterling Health Care Group, Inc. v. Laughlin* (May 28, 1993), Wood App. No. 92–WD–051, 1993 WL 179509, and certified the following issue for our review: "Does R.C. 5321.17 apply to commercial leases such that a landlord must give a 30-day notice to a commercial month-to-month tenant in addition to a three-day notice as provided by R.C. 1923.04[?]"

{¶ 7} The cause is now before this court upon our determination that a conflict exists in case No. 2003–0020 and pursuant to the allowance of a discretionary appeal in case No. 2003–0002.

## II

{¶ 8} Neither party disputes that R.C. 1923.04 requires a landlord to give a commercial tenant at least three days' notice to vacate the premises; rather, the parties dispute whether R.C. 5321.17(B) applies to commercial leases and thus required Maggiore to provide Kovach an additional 30-day notice to terminate the tenancy. Our analysis, therefore, begins with a review of R.C. 5321.17(B).

## A

{¶ 9} The General Assembly codified the provision governing the termination of periodic tenancies in R.C. 5321.17. That section provides:

{¶ 10} "(A) Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a week-to-week tenancy by notice given the other at least seven days prior to the termination date specified in the notice.

{¶ 11} "(B) Except as provided in division (C) of this section, the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date.

{¶ 12} "* * *

{¶ 13} "(D) This section does not apply to a termination based on the breach of a condition of a rental agreement or the breach of a duty and obligation imposed by law, except that it does apply to a breach of the obligation imposed upon a tenant by division (A)(9) of section 5321.05 of the Revised Code."

{¶ 14} R.C. 5321.17 thus establishes that, notwithstanding the exceptions in subsection (C) and (D),[1] a landlord or tenant must terminate a periodic tenancy by giving notice equivalent to the period of the tenancy. Relying on this provision, Kovach argues that Maggiore, as a landlord of a month-to-month tenancy, was required to serve him 30 days' notice to terminate the tenancy notwithstanding the fact that Maggiore was a landlord of a commercial, rather than a residential, lease. We disagree.

{¶ 15} Although R.C. 5321.17(B) does not distinguish between residential and commercial leases by its own terms, Kovach's argument is directly contradicted by R.C. 5321.01, which defines the terms "landlord" and "tenant" in the following manner:

{¶ 16} "(A) 'Tenant' means a person entitled under a rental agreement to the use and occupancy of *residential premises* to the exclusion of others.

{¶ 17} "(B) 'Landlord' means the owner, lessor, or sublessor of *residential premises*, the agent of the owner, lessor, or sublessor, or any person authorized by the owner, lessor, or sublessor to manage the premises or to receive rent from a tenant under a rental agreement." (Emphasis added.)

{¶ 18} In limiting the definitions of "tenant" and "landlord" in R.C. Chapter 5321 to encompass only tenants and landlords of *residential* property, the General Assembly excluded from such definitions tenants and landlords of *commercial* property. Indeed, we have long recognized the principle of expressio unius est exclusio alterius—"the expression of one thing implies the exclusion of another." *Newbury Twp. Bd. of Trustees v. Lomak Petroleum, Inc.* (1992), 62 Ohio St.3d 387, 393, 583 N.E.2d 302. Construing R.C. 5321.01(A) and (B) in

---

1. Maggiore does not rely on Division (D) in support of his argument that R.C. 5321.17 does not require him to provide a 30–day notice to terminate the month-to-month tenancy. R.C. 5321.17(D) provides that "[t]his section does not apply to a termination based on the breach of a condition of a rental agreement." The failure to pay rent in the instant case would likely constitute a "breach of a condition of a rental agreement." Maggiore, however, failed to raise such an argument; therefore, we do not address it.

accord with this principle, we hold that the expression of the word "residential" implies the exclusion of the word "commercial."

{¶ 19} Contrary to this clear and unambiguous legislative pronouncement, Kovach asserts that all landlords should be subject to R.C. 5321.17(B) because "this procedure makes good common sense and provides for an orderly and logical process by which to initiate eviction." He does so, however, without any reference to the language in R.C. Chapter 5321, relying instead—and, indeed, exclusively—on *Sterling Health Care Group, Inc. v. Laughlin* (May 28, 1993), Wood App. No. 92–WD–051, 1993 WL 179509, in which the Sixth District Court of Appeals concluded that commercial landlords must provide notice to terminate a tenancy under R.C. 5321.17. We find no statutory basis for that conclusion.

{¶ 20} Given that the terms "tenant" and "landlord" as used in R.C. 5321.17(B) do not apply to commercial leases, landlords are not required to provide tenants with at least 30 days' notice to terminate a commercial tenancy. We therefore answer the certified question in the negative. Having concluded that R.C. 5321.17(B) did not require Maggiore to provide a 30–day notice to terminate the tenancy, we consider whether Maggiore provided Kovach sufficient notice to vacate the property pursuant to R.C. 1923.04.

B

{¶ 21} R.C. Chapter 1923 governs actions in forcible entry and detainer. The notice and service provisions of that chapter, codified in R.C. 1923.04, provide:

{¶ 22} "(A) Except as provided in division (B) of this section, *a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises,* for the possession of which the action is about to be brought, *three or more days before beginning the action,* by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at his usual place of abode or at the premises from which the defendant is sought to be evicted.

{¶ 23} "Every notice given under this section by a landlord to recover residential premises shall contain the following language printed or written in a conspicuous manner: 'You are being asked to leave the premises. If you do not leave, an eviction action may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance.'

{¶ 24} "(B) The service of notice pursuant to section 5313.06 of the Revised Code constitutes compliance with the notice requirement of division (A) of this section. The service of the notice required by division (C) of section 5321.17 of

the Revised Code constitutes compliance with the notice requirement of division (A) of this section." (Emphasis added.)

{¶ 25} Neither party disputes that R.C. 1923.04(A) requires landlords of residential and commercial leases to provide a tenant with at least a three-day notice to vacate the premises. Nor do the parties dispute that Maggiore delivered a letter to Kovach that instructed him to "make arrangements to move out of the building" and that the delivery was "three or more days before" Maggiore filed the action in forcible entry and detainer as required by R.C. 1923.04(A). The parties instead dispute whether the letter that Maggiore delivered to Kovach was a "notice to vacate" within the meaning of R.C. 1923.04(A).

{¶ 26} In support of his position, Kovach contends that the letter dated January 23, 2002, did not clearly instruct him to vacate the premises because it did not include the words "leave the premises" as set forth in R.C. 1923.04(A). See R.C. 1923.04(A) ("[A] party desiring to commence an action under this chapter shall notify the adverse party to *leave the premises* * * *") (emphasis added). Although the words "leave the premises" appear in R.C. 1923.04(A), the General Assembly has not indicated that these are the *only* words that a commercial landlord can use to instruct the tenant to vacate the property; rather, R.C. 1923.04(A) merely requires that a landlord "notify the adverse party to leave the premises * * *."

{¶ 27} Further, the second paragraph of R.C. 1923.04(A), which applies to only residential leases, provides that such notice "shall contain the following language" and sets forth the required language in quotation marks. The first paragraph of R.C. 1923.04(A), by contrast, contains no similar indicia that landlords must include specific language in a notice to vacate the premises. This distinction indicates that the General Assembly knows how to require landlords to include specific language in such notices but decided not to do so in the context of commercial leases. We therefore conclude that R.C. 1923.04(A) does not require a landlord to include the specific language "leave the premises" in a notice to a commercial tenant to vacate the premises.

{¶ 28} We further conclude that the language in the letter that Maggiore delivered to Kovach—i.e., "[b]y this letter, I am hereby terminating your tenancy at 2535 Fulton Road * * * [and] [p]lease make arrangements to move out of the building on or before [February 28, 2002]"—clearly and unambiguously "notif[ied] the adverse party to leave the premises." R.C. 1923.04(A). Given that Maggiore delivered the letter to Kovach on January 23, 2002—40 days before Maggiore filed the action in forcible entry and detainer—Maggiore satisfied the minimum three-day notice to vacate the premises required by R.C. 1923.04(A). According-

ly, we affirm the judgment of the court of appeals and hold that Maggiore provided Kovach with sufficient notice to vacate the property.

Judgment affirmed.

RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

---

Roderick Linton, L.L.P., Duard D. Bradshaw and Tamara A. O'Brien, for appellant.

John B. Wirtz, for appellee.

