AMICK, Appellee,

v.

SICKLES, Appellant.

[Cite *Amick v. Sickles,* 177 Ohio App.3d 337, 2008-Ohio-3913].

Court of Appeals of Ohio,
Fourth District, Athens County.

No. 07CA6.

Decided July 21, 2008.

Stuart Y. Itani, for appellant.

Tamera Amick, pro se.

McFarland, Judge.

{¶ 1} Defendant-appellant, Deborah Sue Sickles, appeals the decision of the Athens County Municipal Court. The court granted appellee's complaint in forcible detention, but the eviction was stayed pending the resolution of ongoing divorce proceedings. Appellant contends that the trial court erred in (1) exercising subject-matter jurisdiction, (2) denying motions to dismiss due to lack of subject-matter jurisdiction, (3) finding that appellant had received proper notification of the termination of her tenancy under R.C. 5321.17, (4) granting the eviction based on evidence that was not in the record, and (5) determining that defendant's tenancy was properly terminated under R.C. 5321.17. We find that because appellant was not a periodic tenant, the notice requirements of R.C. 5321.17 were not applicable and the trial court properly found in favor of appellee. Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

## I. Facts

{¶ 2} For approximately six years, appellant and her then husband, Michael Robinson, lived in a house owned by Michael's mother, Mary. During this entire period, appellant and Michael lived in the house rent-free. It is undisputed that there was no written or oral lease between appellant and Michael and Mary regarding the occupation of the home.

{¶ 3} In 2006, appellant and Michael separated and began divorce proceedings. Michael moved out, but appellant continued to reside at the house in question without paying rent. Subsequently, pursuant to a quit-claim deed dated September 14, 2006, Mary sold the property to appellee, a friend of Michael's, for $1,000. Shortly thereafter, appellee commenced proceedings to evict appellant. Appellee's initial eviction action was dismissed without prejudice because she failed to wait three full business days between serving the notice to leave the premises and filing the complaint.

{¶ 4} On December 23, 2006, appellee again posted a notice to leave the premises. The notice asked appellant to leave that day and listed as grounds: "no pre-existing or existing rental or lease contract: not pay rent [sic]. Destruction of property." On December 29, appellee filed a complaint in forcible detention. The complaint stated that on September 21, 2006, appellee had first served, in writing, notice to leave the premises. The complaint listed the same grounds for eviction as did the notice to leave.

{¶ 5} A hearing on the complaint took place on January 11, 2007. At the hearing, the trial court stated that its inclination at the time was to treat the December 23, 2006 notice to leave as a 30–day notice and to continue the hearing

until February. After the first hearing, appellant filed a motion to dismiss, contending that appellee did not provide adequate notice to leave the premises and, thus, the trial court lacked subject-matter jurisdiction.

{¶ 6} At the February hearing, the trial court denied the motion to dismiss and proceeded to hear the case on its merits. At the conclusion of testimony, the trial court granted the eviction, effective February 7, 2007. However, the court stayed the eviction pending the outcome of appellant and Michael's divorce proceedings. At the conclusion of the hearing, appellant renewed her motion to dismiss for lack of subject-matter jurisdiction.

{¶ 7} In its journal entry, the trial court's findings of fact included the following: "For approximately six years, Michael Robinson and [appellant] lived at the subject property rent free. There was no written or oral agreement, but Michael and [appellant] expected that someday the property would be given to them." In its conclusions of law, the trial court determined that appellant was, and always had been, a tenant at will and that no consideration had been given to appellee or the previous owner, Mary. The court also stated, "Plaintiff's December 23, 2006 Notice To Leave Premises, attached to the December 29, 2006 Complaint, satisfies the jurisdictional requirements of R.C. Chapter 1923."

{¶ 8} Following the trial court's journal entry, appellant filed the current appeal.

## II. Assignments of Error

{¶ 9} 1. The trial court erred by exercising subject matter jurisdiction.

{¶ 10} 2. The trial court erred by denying Defendant's written Motion to Dismiss, and oral motions to dismiss for lack of subject matter jurisdiction.

{¶ 11} 3. The trial court erred by finding that Defendant received notice of termination pursuant to R.C. 5321.17.

{¶ 12} 4. The trial court erred in granting an eviction based on a September 18, 2006 notice that was not in evidence.

{¶ 13} 5. The trial court erred by determining that Plaintiff properly terminated Defendant's tenancy under R.C. 5321.17.

## III. First and Second Assignments of Error

{¶ 14} Appellant's first and second assignments of error both contend that the trial erred by exercising subject-matter jurisdiction in this matter. Accordingly, we address the assignments of error together.

{¶ 15} Initially, we note the appropriate standard of review. Subject-matter jurisdiction is defined as the power of a court to hear and decide a case on

its merits. *State ex rel. Jones v. Suster* (1998), 84 Ohio St.3d 70, 73, 701 N.E.2d 1002. "A court possesses initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. * * * The existence of the trial court's subject matter jurisdiction is a question of law which we review de novo." *Yazdani–Isfehani v. Yazdani–Isfehani*, 4th Dist. No. 06CA6, 2006-Ohio-7105, 865 N.E.2d 924, ¶ 20.

{¶ 16} Appellant contends that the trial court lacked subject-matter jurisdiction to hear this matter because appellee failed to comply with the notice requirements of R.C. 5321.17 and 1923.04. R.C. 5321.17 governs the termination of periodic tenancies. Under R.C. 5321.17(B), "the landlord or the tenant may terminate or fail to renew a month-to-month tenancy by notice given the other at least thirty days prior to the periodic rental date." R.C. 1923.04 governs notice requirements for forcible entry and detainer actions. Under R.C. 1923.04(A), "a party desiring to commence an action under this chapter shall notify the adverse party to leave the premises, for the possession of which the action is about to be brought, three or more days before beginning the action, by certified mail, return receipt requested, or by handing a written copy of the notice to the defendant in person, or by leaving it at the defendant's usual place of abode or at the premises from which the defendant is sought to be evicted."

{¶ 17} Appellant correctly notes that before commencing an eviction action, a landlord must serve a month-to-month residential tenant a 30–day notice pursuant to R.C. 5321.17. *Maggiore v. Kovach*, 101 Ohio St.3d 184, 2004-Ohio-722, 803 N.E.2d 790, at ¶ 14; *DeBenedictus v. Gialamas* (Jan. 24, 1997), 11th Dist. No. 96–L–006, 1997 WL 51453, at *3; *Detweiter v. Galt* (Dec. 26, 2001), 4th Dist. No. 01CA34, 2001 WL 1682822, at *2. Appellant also correctly points out that before any complaint may be filed in forcible entry and detainer, R.C. 1923.04(A) requires a three-day notice. *Cincinnati Metro. Hous. Auth. v. Morgan*, 104 Ohio St.3d 445, 2004-Ohio-6554, 820 N.E.2d 315, at ¶ 1. Thus, when a tenant is in possession of property under a month-to-month tenancy, a landlord must comply with a three-step eviction process: (1) serve a proper 30–day notice of termination of the tenancy, (2) serve a proper three-day notice to vacate after the expiration of the 30–day notice, and (3) file a complaint against the tenant in forcible entry and detainer after the expiration of the three-day notice. *Voyager Village Ltd. v. Williams* (1982), 3 Ohio App.3d 288, 291, 3 O.B.R. 333, 444 N.E.2d 1337. Appellant's jurisdictional arguments are based on the premise that appellee failed to abide by this three-step eviction process and, therefore, the trial court lacked subject-matter jurisdiction. However, these arguments fail because appellant was not, in fact, a month-to-month tenant. Accordingly, R.C. 5321.17 has no application in this matter.

{¶ 18} It is undisputed that appellant and Michael lived in Mary's home rent-free for six years. Appellant admits that there was no lease agreement between the parties. When asked whether she had entered into any agreements as to what she was to do in return for living at the property, appellant replied: "Not really. It was ours to, I mean, we remodeled and, you know, we gutted it, remodeled it. Put new stuff in it. We didn't have any, there was never any question of rent. It was eventually supposed to go into our names." Appellant states that the fact that she and Michael paid utilities while residing at the property established a month-to-month tenancy to which appellee became subject when she purchased the property. We do not find this argument persuasive.

{¶ 19} "A lease is a conveyance of an estate in realty for a limited term, with conditions attached, in consideration of rent, and anything which creates the relationship of landlord and tenant. * * * As such, the term lease encompasses month-to-month leases which arise by implication or oral agreement whereby the landlord-tenant relationship is created." *Swartz v. Schutte* (Jan. 9, 1991), 9th Dist. No. 14717, 1991 WL 2022 at *2. In the case sub judice, no lease of any kind was established between appellant and Mary. Appellant admits that she had no real agreement with the owner regarding the occupation of the home. It is undisputed that appellant lived rent-free. Further, the trial court found that appellant had given no consideration in return for residing in the house, either to appellee or Mary. Because there was no consideration, no landlord-tenant relationship was established. "An individual who lives in a residence with another without a rental agreement and without the payment of rent is not a tenant and cannot maintain an action for wrongful eviction." *Stone v. Cazeau*, 9th Dist. No. 07CA009164, 2007-Ohio-6213, 2007 WL 4146777, at ¶ 6, citing *Ogle v. Disbrow*, 6th Dist. Nos. L–04–1373 and L–05–1102, 2005-Ohio-4869, 2005 WL 2249582, at ¶ 17. Because appellant did not hold the property as a periodic tenant, R.C. 5321.17, governing the termination of periodic tenancies, was not applicable. Thus, R.C. 5321.17(B) could not be a jurisdictional bar to the trial court to proceed on appellee's complaint.

{¶ 20} We next turn to R.C. 1923.04 as a bar to the trial court's subject-matter jurisdiction. In order to bring an action in forcible entry and detainer, R.C. 1923.04(A) requires a notice to vacate three or more days before beginning the action. Further, the statute requires service by one of a number of methods, including leaving the notice at the property in question. Here, it is undisputed that appellee left a notice to vacate at the premises. It is also undisputed that the notice was served on December 23, 2006, and that the complaint was not filed until December 29, six days later. Accordingly, the requirements of R.C. 1923.04 were met and the trial court had subject-matter jurisdiction over the action. Thus, appellant's first and second assignments of error are overruled.

## IV. Third and Fourth Assignments of Error

{¶ 21} In her brief, appellant argues her third and fourth assignments of error as one and we address them as such. Appellant contends that the trial court erred by basing its decision—both to exercise jurisdiction and terminate appellant's tenancy—upon a September 2006 notice that was not in evidence. Appellant bases this argument on the following conclusion of the trial court: "Plaintiff's September 18, 2006 notice was sufficient to notify Defendant of the end of the tenancy at will effective October 31, 2006." Appellant contends that the September 18 notice does not appear in the record and, therefore, the trial court was not permitted to rely on it in making its decision.

{¶ 22} As discussed earlier, appellant's subject-matter jurisdiction argument has no merit. The trial court was not bound by the jurisdictional requirements imposed by R.C. 5321.17 because appellant was not a periodic tenant. Similarly, whether or not the September notice was in evidence, the trial court was not required to rely on it in deciding in favor of appellee. Again, appellant's argument is predicated upon the application of R.C. 5321.17 and its 30–day notice requirement. Here, no such 30–day notice was needed.

{¶ 23} Regardless, despite appellant's claim to the contrary, there is evidence of appellee's September 2006 notice in the record. Appellee's December 29, 2006 complaint states that she first served, in writing, notice to leave the premises in September 2006. Thus, even had the trial court needed to rely on such evidence in making its decision, that evidence was properly before it.

{¶ 24} There is no question that appellant received multiple notices to vacate the premises. Appellee bought the property in September 2006 and gave appellant notice to vacate soon thereafter. Appellant was again given notice on December 23. In January 2007, the trial court continued the proceedings to give appellant additional notice. The actual eviction did not take effect until February 7, 2007. Even if R.C. 5321.17 had any application in this matter, the purpose of that statute is to ensure that periodic tenants have time to search for other lodgings. *Reith v. Skruck* (1995), 71 Ohio Misc.2d 1, 653 N.E.2d 755. Appellant has certainly had time to do so in this case. Her third and fourth assignments of error are overruled.

## V. Fifth Assignment of Error

{¶ 25} As her fifth and final assignment of error, appellant contends that the trial court erred by determining that appellee properly ended her tenancy under R.C. 5321.17. First, we note that the trial court did not refer to R.C. 5321.17 in its journal entry. What the court did state is that the jurisdictional requirements of R.C. 1923 were met by the December 23 notice to vacate the premises. In any

event, as stated above, because appellant was not a month-to-month tenant, R.C. 5321.17 had no application in this matter. Appellant's fifth assignment of error is overruled.

## VI. Conclusion

{¶ 26} After reviewing the record below, we find that the trial court's decision to grant appellee's complaint and evict appellant from the premises in question was proper. Because appellant was not a periodic tenant, the notice requirements of R.C. 5321.17 had no application in this case. Because appellee gave proper notice under R.C. 1923.04, the trial court had subject-matter jurisdiction to hear appellee's complaint and rule on the merits. Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

ABELE, P.J., and KLINE, J., concur in judgment only.