{¶ 30} I respectfully dissent with regard to Literal's second assignment of error. I would overrule this assignment of error because, in my view, the trial court had subject-matter jurisdiction over the trafficking offense.
 {¶ 31} "Subject-matter jurisdiction is defined as the power of a court to hear and decide a case on its merits." Amick v. Sickles, 177 Ohio App.3d 337, 2008-Ohio-3913, ¶ 15, citing State ex rel. Jones v.Suster (1998), 84 Ohio St.3d 70, 73. Courts possess "initial authority to determine its own jurisdiction over the parties and the subject matter absent a patent and unambiguous lack of jurisdiction. * * * The existence of the trial court's subject matter jurisdiction is a question of law which we review de novo." Id., citing Yazdani-Isfehani v.Yazdani-Isfehani, 170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20.
 {¶ 32} Pursuant to R.C. 2901.11(A)(1), "[a] person is subject to criminal prosecution and punishment in this state if * * * [t]he person commits an offense under the laws of this state, any element of which takes place in this state." *Page 19 
 {¶ 33} The state charged Literal with violating R.C. 2925.03(A)(2), which provides that "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 34} Here, after robbing the CVS store and illegally acquiring the oxycodone pills, Literal transported the pills from the CVS in Scioto County, Ohio to Kentucky. In fact, Literal never disputed the fact that he knowingly transported the pills from Ohio to Kentucky. Therefore, because Literal transported drugs in Ohio, at least one element of the trafficking offense occurred in this state.
 {¶ 35} In addition, I would further conclude that sufficient evidence exists in the record to support a conclusion that Literal intended to sell the pills before leaving the state of Ohio. Thus, in my view, another element of the trafficking offense also took place in this state.
 {¶ 36} Accordingly, I dissent with regard to the second assignment of error and would proceed to address the merits of Literal's first and third assignments of error. However, I concur in judgment and opinion with regard to Literal's fourth assignment of error. *Page 20 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED IN PART AND AFFIRMED IN PART and that the Appellant and Appellee split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
Kline, J.: Concurs in Judgment and Opinion as to Assignment of Error IV and Dissents
 with Dissenting Opinion as to Assignments of Error I, II, and III. *Page 1