[Cite as *McCain v. Brewer*, 2015-Ohio-198.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| PAMELA C. McCAIN | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2014-CA-8 |
| | : | |
| v. | : | Trial Court Case No. 14-CVI-001-0273 |
| | : | |
| JAMES BREWER | : | (Civil Appeal from Darke County |
| | : | Municipal Court- Small Claims |
| Defendant-Appellant | : | Division) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of January, 2015.

. . . . . . . . . . .

MARK C. ENGLING, Atty. Reg. No. 0070870, and SEAN A. GRAVES, Atty. Reg. No.0088233, Freund, Freeze & Arnold, Fifth-Third Center, 1 South Main Street, Suite 1800, Dayton, Ohio 45402-2017
    Attorneys for Plaintiff-Appellee

JAMES BREWER, 8370 Stuck Road, Yorkshire, Ohio 45388
    Defendant-Appellant, *pro se*

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant James Brewer, pro se, appeals from a judgment of the

Darke County Municipal Court, Small Claims Division, awarded against him in the amount

of $1,435.00, plus costs and interest from May 8, 2014. Brewer contends that the court erred by denying his request for written findings of fact and conclusions of law, by admitting non-relevant evidence and by failing to consider evidence he submitted in his defense.

{¶ 2} We conclude that there is evidence in the record to support the judgment. We further conclude that we do not have jurisdiction to review the trial court's order denying Brewer's request for findings of fact and conclusions of law, because no appeal has been taken from that order.

{¶ 3} Accordingly, the judgment of the trial court is Affirmed.

## I.     The Landlord-Tenant Relationship

{¶ 4}   Pamela C. McCain leased a house from Brewer, pursuant to a written lease with a one-year term, commencing July 26, 2010, which converted to a month-to-month tenancy after July, 2011.   McCain occupied the apartment with the father of her child, Donald, and their son, T.   When McCain was incarcerated, Donald remained in the house, and agreed to take care of her affairs. Brewer agreed to allow Donald to occupy the house, as long as the rental payments continued, but a new lease was not entered into.

{¶ 5}   While McCain was still incarcerated, Donald died in the apartment, on April 8, 2012.   Four days later, McCain contacted Brewer, who agreed to store her personal property, but advised her that Donald's family had already removed some of the personal property from the house. McCain sent Brewer two letters, stating that she still wanted to

occupy the house and that she was not abandoning her property. Brewer responded with a letter informing McCain that the "house was no longer available for her use." The letter included a list of damages and cleaning needs, but no dollar amounts were provided to estimate the cost of repairs. At no time did Brewer prepare or serve an eviction notice or any other written notice to terminate the lease.

{¶ 6} McCain returned to the house when she was released on May 1, 2012, and discovered that the house was empty. Brewer informed McCain that he would release the property he had in storage when she paid $985 for back rent and unpaid utilities. McCain testified that over the next year she made payments to Brewer, and each time he released some of her belongings, but that many of her valuables were missing. McCain testified to the loss of many items, including, but not limited to, bedroom furniture, a china cabinet, jewelry, a washer and dryer, a refrigerator, a filing cabinet with personal records, a computer, collector's coins, family photos, a grill, a trampoline, a tent, a CD and DVD collection, and an urn with her mother's ashes. McCain submitted receipts and other documentary evidence to support the purchase-price value of some items; these documents were admitted as Plaintiff's Ex. A. These documents itemize McCain's purchase price of some of her household goods, including a collectible coin set ($34.90), jewelry ($237.93 & $80.00), Disney CD's ($28.90, $32.86, & $44.84), Columbia House DVD's ($267.15), a Kmart bath set ($42.00), a toy marshmallow blaster ($24.95), and a King size bed ($437.00), totaling $1,230.53. McCain also testified about the loss of other personal property, but did not estimate its value, including bedding, 10 sets of curtains, a trampoline, grill, washer, dryer, refrigerator, a tent and a jar of coins. The evidence also reflects that McCain had paid a security deposit of $450 at the time the lease was first

executed, which was never returned to her.

{¶ 7} Brewer testified that the house was left in poor condition, and a description of the condition of the premises was entered as Defendant's Ex. 1, but it did not contain any dollar value for the damage or cost of repair. Brewer testified that when he gained access to the house after Donald's death, many items of personal property were already gone, such as the coins and jewelry, which he presumed were taken by Donald's family. The court did not accept, as evidence, Brewer's attempt to testify regarding what he was told by officers and by an attorney. Neither party submitted a list itemizing the property that Brewer did return to McCain.

## II.    The Course of Proceedings

{¶ 8} McCain brought this action in Small Claims Court seeking damages in the amount of $3,000 for the loss of her personal property. Brewer did not file a counterclaim, but presented the defense of abandonment. At the trial on May 8, 2014, all parties testified and were allowed to present documentary evidence. A transcript of the hearing was submitted for this appeal. On May 12, 2014, the court issued a judgment on a form that is contained on the back side of the small-claim complaint, which states as follows:

> This matter came on to be heard and upon consideration the Court
>
> finds that the Defendant has been duly served with summons, and:
>
> ☐  Defendant(s) has paid the judgment in full and the case is
>
> dismissed.
>
> ☐  Defendant is in default for answer or appearance.

X Upon hearing.

☐ Admission by Defendant.

There is due and owing to Plaintiff(s) from Defendant(s) for which Plaintiff(s) shall have judgment the following:

| | |
|---|---|
| Amount | **$ 1,435.00** |
| Interest | **3%/yr. from 5.8.14** |
| Costs | **$ 78.00** |

**{¶ 9}** An entry was filed on May 12, 2014, notifying Brewer that a judgment entry had been filed against him on May 12, 2014, that he had 30 days to appeal, and the entry contained a Civ. R. 58 (B) certification that the judgment is a final appealable order. From this judgment, Brewer appeals.

**{¶ 10}** On May 30, 2014, Brewer filed a motion for findings of fact and conclusions of law, pursuant to Civ. R. 52. On June 3, 2014, an order was filed denying the request for findings of fact and conclusions of law as untimely. Brewer's notice of appeal does not refer to the June 3rd order denying his request for findings of fact and conclusions of law; it specifies the May 12, 2014 judgment as the judgment or order from which this appeal is taken.

## III.    The Standard of Review

{¶ 11} Brewer did not identify assignments of error, as required by App. R. 16(A)(3). In construing his pro se appeal, we shall review whether the judgment is against the manifest weight of the evidence. When considering whether a judgment is against the manifest weight of the evidence, an appellate court "must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." *RLM Properties, Ltd. v. Brammer*, 2d Dist. Champaign No. 2014-CA-6, 2014-Ohio-3509, ¶¶ 15-16. "A court of appeals must always be mindful of the presumption in favor of the finder of fact." *Eastley v. Volkman,* 132 Ohio St.3d 328, 2012–Ohio–2179, 972 N.E.2d 517, ¶ 21.

{¶ 12} " 'The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' *Id.* 'A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not.' " (Citations omitted.) *Marsh v. Lansing Gardens Apts.*, 7th Dist. Belmont No. 07-BE-32, 2008-Ohio-3404, ¶ 9, quoting *Seasons Coal Co., Inc. v. Cleveland* 10 Ohio St.3d 77, 80–81, 461 N.E.2d 1273 (1984).

## IV.    The Court's Calculation of Damages Was

**Supported by Credible Evidence**

{¶ 13} McCain's small claims filing can be construed as an action based on conversion and violations of Ohio Landlord Tenant law, Chapter 5321 of the Revised Code. Although the judgment entry does not review the evidence, from the transcript it can be inferred that the court ruled against Brewer based on undisputed evidence that the lease was not lawfully terminated at the time McCain's possessions were removed. Although the contract terms specified a one-year lease term, ending in 2011, Brewer's continual acceptance of monthly rent converted the lease to a month-to-month tenancy. Month-to-month leases can arise by implication or by oral agreement. *Amick v. Sickles*, 177 Ohio App.3d 337, 2008-Ohio-3913, 894 N.E.2d 733, ¶ 19 (4th Dist.).

{¶ 14} Pursuant to R.C. 5321.04(A)(9), a landlord has an obligation to follow statutory procedures in order to evict a tenant and terminate a residential lease. Also, under R.C. 5321.16, the landlord has statutory obligations with regard to the treatment of security deposits. The failure of the landlord to follow the statutory procedures gives the tenant the right to recover damages. At no time did Brewer issue an eviction notice required by R.C. 1923.04, a notice of termination required by R.C. 5321.17(B), or the ten-day notice required under the damage provision in the party's written lease agreement. Ex. A.

{¶ 15} In a small-claims proceeding, the trial court is the trier of fact and has the duty to determine the credibility of the witnesses. There is nothing in the record to discredit the testimony of McCain with regard to the valuation of her personal property. Damages may be based upon a party's testimony of the value of his or her personal property. Generally, a witness must be qualified as an expert in order to testify as to the

value of property, but an exception exists for owners of personal property, because the owner, "aided by experience, has some particular means of forming an intelligent and correct judgment as to the value of the property in question beyond that which is possessed by people generally." (Citation omitted.) *Carpenter v. Johnson*, 196 Ohio App.3d 106, 2011-Ohio-4867, 962 N.E.2d 377, ¶ 16 (2d Dist.)

{¶ 16} The record also reveals that McCain presented sufficient evidence to prevail on a claim for conversion. The three basic elements of conversion are: "(1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages." *Perez Bar & Grill v. Schneider*, 9th Dist. Lorain No. 11CA010076, 2012-Ohio-5820, ¶ 10. The trial court had sufficient evidence from which to conclude that McCain had a right to the possession of the household goods, that Brewer wrongfully took possession, because he had not properly terminated the lease, and that McCain suffered damages in an amount equal to the value of her personal property that she was able to establish.

{¶ 17} Although no counterclaim was filed, Brewer attempted to raise a defense of abandonment. Abandonment has been defined as "property over which the owner has relinquished all right, title, claim, and possession with the intention of not reclaiming it or resuming its ownership, possession or enjoyment." *Doughman v. Long,* 42 Ohio App.3d 17, 21, 536 N.E.2d 394 (12th Dist.1987). "Abandonment requires affirmative proof of the intent to abandon coupled with acts or omissions implementing the intent. Mere non-use is not sufficient to establish the fact of abandonment, absent other evidence tending to prove the intent to abandon." *Perez Bar & Grill v. Schneider*, at ¶ 32.

{¶ 18} The record reveals that during McCain's incarceration, the property remained in possession of her co-tenants, Donald and T., and Brewer continued the landlord-tenant relationship. Within four days of Donald's death, McCain notified Brewer that she did not intend to abandon the property, and that she would return in three weeks. The trial court had sufficient evidence to conclude that McCain had not abandoned the property.

{¶ 19} Brewer's assertion that the trial court failed to consider his evidence of damages to the premises as an offset to the calculation of damages owed to McCain is an issue that was not properly before the court. Brewer did not file a counterclaim for damages, and had failed to follow statutory procedures to retain the security deposit. While small-claims procedure does not contemplate the filing of an answer or other responsive pleading, it does contemplate the filing of counterclaims. *Rick's Foreign Exchange Co. v. Greenlee*, 2d Dist. Montgomery No. 26096, 2014-Ohio-4505, ¶ 17.

{¶ 20} Based on the record before us, we conclude that the trial court's judgment is not against the manifest weight of the evidence. This is not the exceptional case where a trier of fact has lost its way, creating a manifest injustice. Accordingly, Brewer's inferred assignment of error that the judgment is against the manifest weight of the evidence is overruled.

### V.     Brewer Has Not Appealed from the Order Denying his Civ. R. 52 Motion

{¶ 21} To invoke the jurisdiction of an appellate court, a party must file a notice of appeal in compliance with App. R. 3(D), which requires the designation of the specific

"judgment, order or part thereof appealed from." Brewer's notice of appeal only designates the May 12th monetary judgment; it does not refer to the June 3rd order denying his Civ.R. 52 motion. We have held that our jurisdiction is not invoked to consider a trial court's post-judgment order overruling a post-judgment motion, unless that order is designated in the notice of appeal. *Tucker v. Pope*, 2d Dist. Miami No. 2009-CA-30, 2010-Ohio-995, ¶ 28.

{¶ 22} Therefore, this court is without jurisdiction to consider whether the trial court abused its discretion when it overruled Brewer's post-judgment motion, which he filed after the seven-day deadline established by Civ. R. 52.

## VI. Conclusion

{¶ 23} No reversible error having been found, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and WELBAUM, J., concur.


Copies mailed to:

Mark C. Engling
Sean A. Graves
James Brewer
Hon. Julie L. Monnin