[Cite as *State v. Hudson*, 2017-Ohio-2608.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case Nos. 27022/27027 |
| | : | 27028 |
| v. | : | |
| | : | Trial Court Case Nos. 2008-CR-0822/ |
| RAYSHAUN HUDSON | : | 2008-CR-2261/2007-CR-3953 |
| | : | |
| *Defendant-Appellant* | : | (Criminal Appeal from |
| | : | Common Pleas Court) |

. . . . . . . . . .

O P I N I O N

Rendered on the 28th day of April, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. JANS, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

ENRIQUE R. RIVERA-CEREZO, Atty. Reg. No. 0085053, 61 North Dixie Drive, Suite B, Vandalia, Ohio 45377
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Rayshaun Hudson, appeals from the judgments of the Montgomery County Court of Common Pleas resentencing him in Case Nos. 2007-CR-3953, 2008-CR-0822, and 2008-CR-2261. Although Hudson appealed from the trial court's resentencing decision, the only arguments he raises on appeal concern an oral motion to withdraw his no contest pleas in each case, which Hudson presented at the resentencing hearing. Specifically, Hudson contends that the trial court erred in overruling the motion without holding a hearing. Hudson also claims that his trial counsel was ineffective in failing to file the motion in writing. For the reasons outlined below, Hudson's arguments concerning the motion to withdraw his no contest pleas lack merit and will be overruled. The trial court's judgments will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} The instant appeal is from three separate cases in the Montgomery County Court of Common Pleas; specifically, Case Nos. 2007-CR-3953, 2008-CR-0822, and 2008-CR-2261.

{¶ 3} In Case No. 2007-CR-3953, Hudson pled no contest and was found guilty of one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. The trial court sentenced Hudson to eight years in prison to be served consecutively to the sentences imposed in Case Nos. 2008-CR-822, 2008-CR-2261, and Clark County Case No. 2007-CR-926.

{¶ 4} In Case No. 2008-CR-0822, Hudson pled no contest and was found guilty of one count of failure to comply with an order or signal of a police officer in violation of R.C.

2921.331(B) and (C)(5)(a)(ii) (serious physical harm/substantial risk), a felony of the third degree. The trial court sentenced Hudson to one year in prison to be served consecutively to the sentences imposed in Case Nos. 2007-CR-3953, 2008-CR-2261, and Clark County Case No. 2007-CR-926.

{¶ 5} In Case No. 2008-CR-2261, Hudson pled no contest and was found guilty of several offenses that resulted from a day-long crime spree. The trial court imposed an aggregate term of 85 years in prison to be served consecutively to Case Nos. 2007-CR-3953, 2008-CR-0822, and Clark County Case No. 2007-CR-926.

{¶ 6} Although transcripts of the plea and sentencing hearings were not filed in this appeal, the record indicates that Hudson entered his no contest pleas in all three Montgomery County cases on the same day, January 16, 2009. The waiver and plea forms were subsequently filed in each case on January 20, 2009. Hudson was also sentenced for each case on the same day, March 18, 2009, and the sentencing entries were subsequently filed on March 25, 2009. Hudson's total sentence for the three Montgomery County cases at issue amounts to 94 years in prison. Hudson was also ordered to serve an additional 42 years in prison for his offenses in Clark County Case No. 2007-CR-926.

{¶ 7} After sentencing, Hudson filed a direct appeal from his conviction and sentence in each of the Montgomery County cases. Hudson's direct appeal focused on the 85-year prison sentence imposed in Case No. 2008-CR-2261. Hudson contended that sentence was excessive in light of the facts and circumstances of the case. Hudson also argued that the trial court erred in failing to merge all six failure to comply offenses, as the court only merged the failure to comply charge under count 9 with that of count 10,

and the failure to comply charge under count 11 with that of count 13. Finding no merit to Hudson's arguments, we affirmed the trial court's sentence. *See State v. Hudson*, 2d Dist. Montgomery No. 23328, 2010-Ohio-1622.

{¶ 8} Between 2011 and 2014, Hudson filed two other appeals in all three Montgomery County cases, but the appeals were dismissed as untimely. *See* Montgomery App. Case Nos. 25466 and 26099. During that time, Hudson filed several identical pro se motions under each case. Among the motions was an August 23, 2011 motion to withdraw his no contest plea, which provided no basis for the withdrawal. On September 16, 2011, the trial court issued a decision overruling the motion on grounds that Hudson failed to submit evidentiary documents containing sufficient operative facts to demonstrate that his pleas were coerced or otherwise involuntary. The court further found that the Crim.R. 11 colloquy at the plea hearing demonstrated that Hudson's plea was knowingly and voluntarily made. Hudson did not appeal from the trial court's decision.

{¶ 9} Over a year later, on February 26, 2013, Hudson filed a second pro se motion to withdraw his no contest plea in each of the cases at issue. In the motion, Hudson claimed that the trial court failed to comply with Crim.R. 11(C)(2)(a) by failing to properly advise him about allied offenses, and that said failure resulted in his pleas not being freely entered. On July 23, 2013, the trial court issued a decision overruling the motion on grounds that the trial court had advised Hudson of the maximum penalty involved as required by Crim.R. 11(C)(2)(a) and that the issue of allied offenses was barred by res judicata since it was already addressed in his direct appeal and was not an issue in Case Nos. 2007-CR-3953 and 2008-CR-0822. Hudson did not appeal from the trial court's

decision.

{¶ 10} On March 17, 2014 and October 7, 2014, Hudson filed two motions requesting that he be resentenced in each case on grounds that his sentences were void as a result of the trial court failing to properly notify him about post-release control in violation of R.C. 2967.28 and R.C. 2929.19(B). After taking the matter under advisement, on February 5, 2016, the trial court held a resentencing hearing pursuant to R.C. 2929.191(C) to correct the post-release control notification errors in the original sentencing entries. At the beginning of the resentencing hearing, Hudson's appointed counsel made an oral motion for Hudson to withdraw his no contest pleas on grounds that his prior trial counsel rendered ineffective assistance in failing to properly advise him about post-release control. The trial court immediately overruled the motion, indicating that the proceeding was strictly for purposes of resentencing on post-release control. The trial court then proceeded to address post-release control for each of the three cases at issue and issued nunc pro tunc entries with respect thereto.

{¶ 11} Following the resentencing hearing and the issuance of the nunc pro tunc entries, Hudson filed a notice of appeal in each of the three cases at issue indicating that he was appealing from the trial court's February 5, 2016 resentencing. In support of his appeal, Hudson raises two assignments of error for review.

**First Assignment of Error**

{¶ 12} Hudson's First Assignment of Error is as follows:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT

WHEN IT IMPROPERLY DENIED THE APPELLANT'S MOTION TO

WITHDRAW [NO CONTEST] PLEA WITHOUT A HEARING IN THE MATTER.

{¶ 13} Under his First Assignment of Error, Hudson contends that the February 5, 2016 motion to withdraw his no contest pleas made at the resentencing hearing is a presentence motion that required a hearing to determine whether there was a reasonable and legitimate basis for the withdrawal of his pleas. Therefore, Hudson maintains that the trial court erred when it overruled the motion to withdraw his pleas without first holding a hearing. We disagree and find that Hudson's argument fails for multiple reasons.

{¶ 14} Initially, we note that this court lacks jurisdiction to review the trial court's decision overruling Hudson's motion to withdraw guilty plea. " 'To invoke the jurisdiction of an appellate court, a party must file a notice of appeal in compliance with App.R. 3(D), which requires the designation of the specific "judgment, order or part thereof appealed from." ' " *State v. Stevens*, 2d Dist. Montgomery No. 26328, 2015-Ohio-2971, ¶ 8, quoting *McCain v. Brewer*, 2d Dist. Darke No. 2014-CA-8, 2015-Ohio-198, ¶ 21. " '[A]n appellate court lacks jurisdiction to review a judgment or order that is not designated in the appellant's notice of appeal.' " *Id.*, quoting *State v. Howard*, 2d Dist. Montgomery No. 21678, 2007-Ohio-3582, ¶ 10. "Specifically, '[w]e have held that our jurisdiction is not invoked to consider a trial court's post-judgment order overruling a post-judgment motion, unless that order is designated in the notice of appeal.' " *Id.*, quoting *McCain* at ¶ 21.

{¶ 15} In this case, the notice of appeal filed in all three cases states that Hudson is appealing from "the sentencing of 2/5/16." Because the notice of appeal does not designate the trial court's decision overruling Hudson's motion to withdraw guilty plea as

the judgment being appealed from, we are without jurisdiction to consider that decision here. Accordingly, Hudson's assignment of error is not properly before this court.

{¶ 16} Even if this court were to assume jurisdiction over this matter, Hudson's claim would still fail. Contrary to Hudson's claim otherwise, " 'a plea withdrawal motion filed in a case where the post-release control portion of the sentence is void is to be considered a post-sentence motion.' " *State v. Perkins*, 2d Dist. Montgomery No. 25808, 2014-Ohio-1863, ¶ 52, quoting *State v. Easterly*, 7th Dist. Mahoning No. 12 MA 208, 2013-Ohio-2961, ¶ 19. A hearing on a post-sentence plea withdrawal motion is not necessary if the facts alleged by the defendant, even if accepted as true, would not require the court to grant the motion to withdraw the plea. *State v. Burkhart*, 2d Dist. Champaign No. 07-CA-26, 2008-Ohio-4387, ¶ 12; *State v. Mogle*, 2d Dist. Darke Nos. 2013-CA-4, 2013-CA–5, 2013-Ohio-5342, ¶ 17.

{¶ 17} "Where post-release control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence." *State v. Brown*, 2d Dist. Montgomery No. 26230, 2015-Ohio-3912, ¶ 23, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 34. (Other citation omitted.) " '[I]f a Crim.R. 32.1 motion asserts grounds for relief that were or should have been asserted in a previous Crim.R. 32.1 motion, res judicata applies and the second Crim.R. 32.1 motion will be denied.' " *State v. Fannon*, 2d Dist. Montgomery No. 25957, 2014-Ohio-2673, ¶ 11, quoting *State v. Brown*, 8th Dist. Cuyahoga No. 84322, 2004-Ohio-6421, ¶ 7. *Accord State v. Hildebrand*, 2d Dist. Clark No. 2012-CA-48, 2013-Ohio-2122, ¶ 5; *State v. Moncrief*, 10th Dist. Franklin No. 13AP-391, 2013-Ohio-4571, ¶ 8. In other words, " '[t]he doctrine of res

judicata applies to the second and all successive post[-]sentence motions to withdraw a plea under Crim.R. 32.1[.]' " *Fannon* at ¶ 11, quoting *State v. Burnside*, 7th Dist. Mahoning No. 09 MA 179, 2010-Ohio-3158, ¶ 5.

**{¶ 18}** The plea withdrawal motion at issue is based on Hudson's claim that his trial counsel rendered ineffective assistance in failing to properly advise him about post-release control. However, Hudson previously filed two post-sentence motions to withdraw his plea that failed to assert that claim. Hudson was clearly aware of his counsel's advice and the post-release control imposed by the trial court as of the original sentencing hearing of March 18, 2009. Because Hudson could have raised the ineffective assistance claim in his prior plea withdrawal motions, which were filed in 2011 and 2013, but failed to do so, res judicata bars him from raising the claim in his third successive motion that was presented at the resentencing hearing. Accordingly, it was not necessary for the trial court to hold a hearing on the motion.

**{¶ 19}** Hudson's First Assignment of Error is overruled.

### Second Assignment of Error

**{¶ 20}** Hudson's Second Assignment of Error is as follows:

THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL FAILED TO FILE A WRITTEN MOTION TO WITHDRAW MR. HUDSON'S PLEA.

**{¶ 21}** Under his Second Assignment of Error, Hudson claims that his trial counsel rendered ineffective assistance in failing to file a written motion to withdraw his no contest plea that buttressed the oral motion he raised at the resentencing hearing. We again

disagree.

**{¶ 22}** In order to succeed on an ineffective assistance claim, Hudson must show that his trial counsel rendered deficient performance and that counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish deficient performance, Hudson must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Id.* at 688; *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). To establish prejudice, Hudson must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688, 694; *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

**{¶ 23}** For the reasons discussed under Hudson's First Assignment of Error, the plea withdrawal motion raised at the February 5, 2016 resentencing hearing is barred by res judicata. This would be the case even if the motion was filed in writing as opposed to being raised orally at the resentencing hearing. Moreover, Crim.R. 32.1 does not require a motion to withdraw a plea to be made in writing. *State v. Sugar*, 5th Dist. Licking No. 99CA61, 1999 WL 1071744, *3 (Nov. 2, 1999) (Hoffman, J. concurring). Accordingly, Hudson's trial counsel did not render deficient performance in failing to file a written motion. As a result, Hudson's ineffective assistance claim lacks merit.

**{¶ 24}** Hudson's Second Assignment of Error is overruled.

## Conclusion

**{¶ 25}** Having overruled the two assignments of error raised by Hudson concerning the February 5, 2016 motion to withdraw his no contest pleas in Case Nos. 2007-CR-3953, 2008-CR-0822, and 2008-CR-2261, the judgments of the trial court are affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck, Jr.
Heather N. Jans
Enrique R. Rivera-Cerezo
Hon. Dennis J. Langer