[Cite as *McComb v. LeForce*, 2016-Ohio-1489.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| JOHN McCOMB d.b.a. COMBCO INVESTMENTS, | : | CASE NOS. CA2015-01-012 |
| | : | CA2015-10-091 |
| Appellant. | : | O P I N I O N |
| | : | 4/11/2016 |
| - vs - | : | |
| | : | |
| MINNIE LeFORCE d.b.a. AMBASSADOR ANTIQUES, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM LEBANON MUNICIPAL COURT
Case No. CVH1200585

Statman, Harris & Eyrich, LLC, William B. Fecher, 3700 Carew Tower, 441 Vine Street, Cincinnati, Ohio 45202, for appellant

Minnie LeForce, 35 East Main Street, Lebanon, Ohio 45036, appellee, pro se

**S. POWELL, J.**

{¶ 1} Plaintiff-appellant, John McComb d.b.a. Combco Investments ("McComb"), appeals from the decision of the Lebanon Municipal Court awarding a money judgment in a case involving a commercial lease agreement he entered into with defendant-appellee, Minnie LeForce dba Ambassador Antiques ("LeForce"). For the reasons outlined below, we affirm.

**{¶ 2}** On June 11, 1997, LeForce entered into a commercial lease agreement with McComb for property located at 40 East Mulberry Street in Lebanon, Ohio. As part of this agreement, LeForce was required to pay a monthly rent and submit a security deposit of $1,250. It is undisputed that the leased property located at 40 East Mulberry Street did not contain a bathroom.

**{¶ 3}** On December 22, 2000, LeForce executed a lease addendum with McComb to include property located at 38 East Mulberry Street. At the time that agreement was signed, the property at 38 East Mulberry Street contained a fully functional bathroom and sink. The lease was later renewed on May 1, 2005. Unbeknownst to either party, the water service for both 38 and 40 East Mulberry Street was connected to a nearby property located at 30 East Mulberry Street, which at that time contained a tenant who operated a deli.

**{¶ 4}** Several years later, on November 5, 2009, the water service to 38 and 40 East Mulberry Street was shut off after the tenants in 30 East Mulberry Street vacated the property and stopped paying the water bill. After the water was shut off, LeForce complained to McComb about the lack of water and the fact that she and her customers were no longer able to use the bathroom. However, although there was some discussion between LeForce and McComb about a number of potential solutions, including McComb allegedly offering to pay for the installation of a cross-over pipe, the water to 38 and 40 East Mulberry Street was not restored until a new tenant moved into 30 East Mulberry Street and reinstated service on April 4, 2011. By that time, however, LeForce had already decided to move out of the leased property.

**{¶ 5}** On April 1, 2011, LeForce and McComb met to discuss the issues regarding the property and account for any past due rent. During this time, McComb prepared a handwritten agreement indicating LeForce owed him $14,996. Both parties then signed the

agreement. However, when LeForce failed to pay, McComb filed suit. The parties then entered into a stipulation of facts, which indicated that outstanding issues remained regarding whether LeForce was entitled to a credit due to the lack of a fully functional bathroom and for her security deposit. Following a bench trial, the trial court awarded McComb a money judgment in the amount of $11,945.80, which included a credit to LeForce in the amount of $1,125 for her security deposit and $1,925.20 in rent reduction due to the lack of a fully functional bathroom.

{¶ 6} McComb now appeals from the trial court's decision, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED IN NOT CONCLUDING THAT THE APRIL 1, 2011 STATEMENT OF ACCOUNT PRECLUDED ANY CLAIMS FOR THE SECURITY DEPOSIT OR THE "BATHROOM ISSUE."

{¶ 9} In his first assignment of error, McComb argues the trial court erred by finding the April 1, 2011 handwritten agreement only dealt with the issue of unpaid rent still due and owing, as opposed to being dispositive of all issues between the parties. We disagree.

{¶ 10} Due to its brevity and general lack of even the most basic contractual terms, we find the April 1, 2011 handwritten agreement at issue is ambiguous as to the parties' intent. Under such circumstances, a court may consider extrinsic evidence in order to interpret the terms of the contract. *Pierce Point Cinema 10, L.L.C. v. Perin-Tyler Family Found, L.L.C.*, 12th Dist. Clermont No. CA2012-02-014, 2012-Ohio-5008, ¶ 12. "The meaning of terms used in a contract, if ambiguous, is a question of fact and will not be overturned on appeal absent a showing that the trial court abused its discretion." *Walter v. Agoston*, 12th Dist. Warren No. CA2003-03-039, 2004-Ohio-2488, ¶ 12, citing *Ohio Historical Society v. General*

*Maintenance & Engineering Co.*, 65 Ohio App.3d 139 (10th Dist.1989).

{¶ 11} At trial, LeForce testified she and McComb never discussed any issues in regards to her security deposit prior to signing the agreement. However, LeForce did testify she asked McComb for a credit due to the lack of a fully functional bathroom, something which McComb declined to do, and that they later did a walk-through of the property. McComb denied ever having such a discussion with LeForce, but acknowledged the agreement did not account for her security deposit. McComb further denied ever conducting a walk-through of the property, yet admitted the agreement did not contain any language indicating the agreement served as a full and final accounting.

{¶ 12} After a thorough review of the record, we find no error in the trial court's decision finding the April 1, 2011 handwritten agreement dealt only with the issue of unpaid rent still due and owing. As the record reveals, both LeForce and McComb agree that they never had any discussion regarding the return of the security deposit prior to signing the agreement, and that nowhere within the agreement does it contain language indicating the agreement served as a full and final accounting. In addition, LeForce testified she asked McComb for a credit due to the lack of a fully functional bathroom prior to signing the agreement, something which McComb declined to do. Although McComb denied ever having such a discussion, the trial court, as the trier of fact, was in the best position to weigh the credibility of this testimony. Therefore, because we find no error in the trial court's decision, McComb's first assignment of error is overruled.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT ERRED IN AWARDING APPELLEE A CREDIT FOR HER SECURITY DEPOSIT.

{¶ 15} In his second assignment of error, McComb argues the trial court erred by

providing a credit to LeForce in the amount of her security deposit because she breached the terms of the lease by failing to timely pay her monthly rental payments. However, just as the trial court before us, we find this serves as nothing more than an unenforceable penalty that has no relationship to any actual damages McComb may have suffered. This is particularly true here considering McComb repeatedly accepted past due rent payments from LeForce throughout the entire length of the lease agreement. In fact, when specifically asked if LeForce had ever paid her monthly rent on time, McComb testified: "Never. But I always knew I would get paid." Therefore, based on the facts and circumstances here, we find no error in the trial court's decision to provide a credit to LeForce in the amount of her security deposit. Accordingly, McComb's second assignment of error is overruled.

{¶ 16} Assignment of Error No. 3:

{¶ 17} THE TRIAL COURT ERRED IN ALLOWING APPELLEE A CREDIT FOR THE "BATHROOM ISSUE."

{¶ 18} In his third assignment of error, McComb argues the trial court erred by providing a credit to LeForce due to the lack of a fully functional bathroom on the property. Yet, as the evidence at trial clearly indicates, having access to and use of a fully functional bathroom was a critical component of the lease that served as the main reason LeForce agreed to rent the additional property. As LeForce even testified, "I rented the space with a bathroom; that's the only reason I rented the space." Moreover, although McComb claims he never had any obligation to provide LeForce with a working bathroom, this fails to account for the fact that McComb himself testified that he offered to pay for the installation of a cross-over pipe upon learning the water had been shut off. Therefore, while we agree the trial court should not have applied the Ohio Landlord and Tenants Act to the commercial lease at issue, *see Maggiore v. Kovach*, 101 Ohio St.3d 184, 2004-Ohio-722, we find no error in the

trial court's decision to provide an additional credit to LeForce due to the lack of a fully functional bathroom on the property. Accordingly, McComb's third assignment of error is overruled.

{¶ 19} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.