[Cite as *Campus Village Toledo Univ. Park, L.L.C. v. Mowrer*, 2016-Ohio-4754.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Campus Village Toledo
University Park, LLC

      Appellee

v.

Jeffrey A. Mowrer, et al.

      Appellant

Court of Appeals No. L-15-1181

Trial Court No. CVG-12-01338

**DECISION AND JUDGMENT**

Decided: June 30, 2016

* * * * *

Thomas A. Yoder, for appellee.

Jeffrey Alden Mowrer, pro se.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Defendant-appellant, Jeffrey Alden Mowrer, pro se, appeals the October 25, 2012 and June 5, 2015 judgments of the Toledo Municipal Court which awarded judgment in favor of appellee, Campus Village Toledo University Park, LLC (Campus Village), pursuant to a rental agreement between the parties. For the reasons that follow

we affirm, in part, but reverse the portion of the judgment imposing the $5 per diem penalty.

{¶ 2} This action commenced on January 17, 2012, with Campus Village filing a complaint for money damages alleging that appellant breached the terms of the Resident Lease Agreement and that it was owed $2,444.67, plus interest. Appellant's father was also named as a guarantor on the lease.

{¶ 3} On July 30, 2012, the matter came on for trial. Appellant's father appeared pro se, and presented testimony and exhibits. On August 8, 2012, the trial court entered judgment in favor of Campus Village as to appellant but dismissed father from the action because he did not sign as guarantor for the lease at issue. The court found that Campus Village was entitled to past due rent, damages, and late fees. This was a final, appealable order and was served on all parties.

{¶ 4} A damages hearing was set for October 22, 2012; appellant's request to attend the hearing telephonically was denied. Appellant did submit a statement of damages which he believed were owed as well as several supporting documents.

{¶ 5} At the October 22, 2012 hearing, the Campus Village apartment manager testified that appellant was a former resident of the complex and that on the date he moved out he owed $2,444.67 in unpaid rent and late fees. The manager acknowledged that when appellant moved out the apartment was in good condition with no damage. The court then awarded judgment in the amount of $2,444.67; however, the October 25,

2.

2012 journalized judgment entry listed the amount as $244.67, with interest. There is no evidence in the record that appellant was served with the judgment entry.

{¶ 6} On April 21, 2015, appellant requested certified copies of the judgment entry. Apparently, at this time the error in the judgment entry was discovered and the court entered a nunc pro tunc judgment entry correcting the amount owed from $244.67 to $2,444.67. Appellant then filed a notice of appeal from the corrected judgment entry and now raises three assignments of error for our review:

I. The trial court erred by failing to consider material evidence exhibited at trial.

II. The trial court erred by failing to apply Ohio Revised Code Chapter 5321 Landlords and Tenants; specifically sections 5321.14, 5321.16.

III. The trial court erred by failing to apply prior Ohio appellate court decisions directly related to the issue of late payment penalties.

{¶ 7} Appellant's assignments of error all relate to the amount of the judgment entered against him which included $2,444.67 in unpaid rent and late fees. Appellant's first assignment of error contends that the trial court erroneously failed to apply his $200 security deposit towards the amounts allegedly owed. From the record before us, it appears that appellant did, in fact, tender a $200 deposit in advance of the lease term. Ohio courts have determined that a security deposit may be applied to offset unpaid rent or fees; otherwise, it acts as an "unenforceable penalty." *McComb v. LeForce*, 12th Dist.

3.

Warren Nos. CA2015-10-091, CA2015-01-012, 2016-Ohio-1489, ¶ 15. Further, at the October 22, 2012 damages hearing the apartment manager agreed that when appellant moved from the apartment, the property was in good condition. Accordingly, appellant's first assignment of error is well-taken.

{¶ 8} In appellant's second assignment of error he argues that the late fee penalties in excess of $2,000 were unconscionable in contravention of R.C. 5321.14, which provides:

> (A) If the court as a matter of law finds a rental agreement, or any clause thereof, to have been unconscionable at the time it was made, it may refuse to enforce the rental agreement or it may enforce the remainder of the rental agreement without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

{¶ 9} As to the one-time $40 late fee for past-due rent, we conclude that it does not amount to an unconscionable penalty. *Calabria v. Greene*, 11th Dist. Trumbull No. 95-T-5181, 1995 WL 787360 (Sept. 8, 1995). However, Ohio courts have held that additional per diem late charges are considered an unenforceable penalty. *Id.* at *1-2, citing *200 West Apartments v. Foreman*, 8th Dist. Cuyahoga No. 66107, 1994 WL 505271 (Sept. 15, 1994). As to this case, we agree that the $5 per diem late fees amounted to an unconscionable penalty. Appellant's second assignment of error is well-taken, in part.

4.

**{¶ 10}** In appellant's third and final assignment of error he contends that by continuing to accept appellant's late rental payments, appellee waived the ability to collect late fees. We disagree. Whether a party's conduct is inconsistent with the intent to claim a right is a factual determination which requires certain deference to the conclusions of the trier of fact. *EAC Properties, LLC v. Brightwell, D.O.*, 10th Dist. Franklin No. 10AP-853, 2011-Ohio-2373, ¶ 22-23. The record indicates that appellee consistently assessed late fees during the course of the lease and that appellant made payments which included the late charges. Appellant's third assignment of error, as to the $40 late charges, is not well-taken.

**{¶ 11}** On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Toledo Municipal Court is reversed. Specifically, we find that any security deposit paid should be credited to any amounts owed and that the $5 per diem penalty was unconscionable and unenforceable. Accordingly, we remand the matter for a damages hearing consistent with this decision. Pursuant to App.R. 24, appellee is ordered to pay the costs of this appeal.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

5.

Mark L. Pietrykowski, J.                _____

                                                   JUDGE

Arlene Singer, J. _____

Stephen A. Yarbrough, J.         _____
CONCUR.                                  JUDGE

                                        _____

                                                   JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.