[Cite as *White v. Martin*, 2022-Ohio-3850.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SAYLOR WHITE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 29395 |
| | : | |
| v. | : | Trial Court Case No. CVI2101190 |
| | : | |
| LINDSEY MARTIN, et al. | : | (Civil Appeal from Municipal Court) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of October, 2022.

. . . . . . . . . . .

SAYLOR WHITE, 320 Hillway Drive, Dayton, Ohio 45405
        Plaintiff-Appellant, Pro Se

LINDSEY MARTIN and TREYSHAWN MARTIN, 2915 Ida Avenue, Dayton, Ohio 45405
        Defendants-Appellees, Pro Se

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Plaintiff-appellant, Saylor White, appeals pro se from a judgment of the Vandalia Municipal Court, which adopted a magistrate's decision dismissing his small claims petition against defendant-appellees Lindsey and Treyshawn Martin after a bench trial. In support of his appeal, White claims that he was denied a fair trial because the presiding magistrate exhibited racial bias by choosing to credit the appellees' testimony over his testimony and the video evidence presented at trial. For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} On July 13, 2021, White filed a small claims petition alleging that on July 15, 2019, Treyshawn Martin, who was then 16 years old, broke into his vehicle and stole two cell phones that were inside. Since Treyshawn was a minor at the time of the alleged theft, White named both Treyshawn and his mother, Lindsey, as defendants in the petition. To compensate for the stolen phones and other resulting damages, White petitioned the trial court to issue a judgment against Treyshawn and Lindsey for $6,000 plus interest and court costs.

{¶ 3} On October 18, 2021, White's small claims petition was tried before a magistrate. White, Lindsey, and Treyshawn all appeared at trial and testified without the assistance of counsel. The following is a summary of their testimony.

{¶ 4} White testified that on the day in question, he was at his residence cleaning a dog pen in his backyard when two cell phones were stolen from his vehicle while it was parked in his driveway. After he realized his phones were missing, White checked his

home's surveillance video. White testified that he believed the video showed Treyshawn, who lived "around the corner" from him, stealing the phones from his vehicle. Trial Tr. p. 6.

{¶ 5} White presented the surveillance video at trial, and it was admitted into evidence as Plaintiff's Exhibit 1. The video was a 19-second clip showing two black males walking on the street in front of White's residence. One of the males can be seen walking into White's yard toward White's vehicle while the other male continued walking on the street. The male that walked toward White's vehicle could be seen opening the door to White's vehicle and climbing inside. At that point, the video ended.[1]

{¶ 6} White testified that after he identified Treyshawn on the surveillance video, he went to Treyshawn's house the next day to speak with his mother, Lindsey. White testified that Lindsey was not at home but that he was able to speak with Treyshawn's sister instead. White testified that he showed Treyshawn's sister the surveillance video and that she identified Treyshawn in the video as the person who snuck into his vehicle and stole his phones. Thereafter, White testified that he told Treyshawn's sister that Treyshawn had until the end of the week to return his phones or else he would file a police report. Despite this, White testified that his phones were never returned to him.

{¶ 7} Continuing, White testified that he went to Treyshawn's house one more time

---

[1] The trial court magistrate indicated in his decision that the surveillance video showed the male who entered the vehicle "reaching around the interior of the car, and then leaving the car, walking away with the other male who had been acting as the lookout." Decision (Oct. 29, 2021), p. 2. However, the 19-second video clip that was submitted to this court as Plaintiff's Exhibit 1 did not show this activity. Rather, the video ended after the male entered White's vehicle. The video did not show the two males walking away as described by the magistrate.

in an attempt to discuss the stolen phones, but no one was home. A week later, White saw Treyshawn walking on the street and confronted him about the stolen phones. White testified that Treyshawn denied stealing the phones during that encounter.

{¶ 8} After his encounter with Treyshawn, White filed a report with the Montgomery County Sheriff's Office regarding the theft of his phones. White presented the report at trial and it was admitted into evidence as Plaintiff's Exhibits 2 and 3. White testified that after he filed the report, the sheriff's office sent a detective to speak with him and that he provided the detective with the surveillance video and some unidentified pictures. After not hearing anything about the case for some time, White testified that he followed up with the detective. According to White, the detective advised him that he would have to contact the juvenile court to get information about the status of the case. White testified that he thereafter contacted the juvenile court, but the court would not provide him with any information because Treyshawn was a juvenile.

{¶ 9} White testified that a week after contacting the juvenile court, he received a document from the court requesting that he provide a victim impact statement and other information. White presented the document at trial and it was admitted into evidence as Plaintiff's Exhibit 4. The information on the form indicated that it was sent in regard to a fifth-degree felony charge of theft concerning Treyshawn in Juvenile Court Case No. 2019-005331. White, however, testified that he was unsure whether charges were ever filed against Treyshawn in the juvenile court for his stolen phones. White also testified that he did not know whether his phones were ever recovered by law enforcement.

{¶ 10} Lindsey testified that she is Treyshawn's mother and that, in 2019,

detectives came to her house to ask Treyshawn about White's stolen phones. Lindsey testified that Treyshawn had denied taking the phones and that the detectives never contacted them afterward. Lindsey testified that she had heard nothing about the stolen phones until White filed the instant small claims petition. Lindsey also claimed that Treyshawn's sister never identified Treyshawn on White's surveillance video.

{¶ 11} Treyshawn, who was 18 years old at the time of trial, confirmed that he lived around the corner from White. During his testimony, Treyshawn denied stealing White's two phones and claimed that he did not know anything about the phones. Treyshawn also testified that he had been in juvenile court for an older case concerning a receiving stolen property charge and that he never went to court for stealing White's phones. Lindsey also testified that Treyshawn never went to court for stealing White's phones.

{¶ 12} After considering the testimony and exhibits, on October 29, 2021, the magistrate issued a decision dismissing White's small claims petition with prejudice. In reaching that decision, the magistrate found that the surveillance video was of poor quality and that it was impossible to identify Treyshawn as the individual taking the phones from White's vehicle. The magistrate also considered the fact that no one personally saw Treyshawn take White's phones. In addition, the magistrate considered that Treyshawn had denied taking the phones and that the phones had never been recovered from Treyshawn or his residence. Therefore, based on the testimony and evidence, the magistrate determined that White had failed to prove by a preponderance of the evidence that Treyshawn was the individual who stole his phones.

{¶ 13} On November 12, 2021, White filed objections to the magistrate's decision;

White argued, among other things, that the surveillance video had not been of poor quality and that the magistrate had exhibited racial bias by choosing to believe Treyshawn and Lindsey's testimony over his testimony and the video evidence. White did not file a transcript with his objections, but, in ruling on the objections, the trial court judge independently reviewed White's objections, the magistrate's decision, and the exhibits. On January 21, 2022, the trial court judge issued a final decision in which it found no error in the magistrate's decision. Accordingly, the trial court judge overruled White's objections, adopted the magistrate's decision, and dismissed White's small claims petition with prejudice. White now appeals from that decision.

## Law and Analysis

{¶ 14} In support of his appeal, White filed a pro se brief, which fails to assert any assignments of error as required by App.R. 16. Nevertheless, our review of White's appellate brief establishes that White is claiming that he was denied a fair trial because the presiding magistrate exhibited racial bias by choosing to credit Treyshawn and Lindsey's testimony over White's testimony and the video evidence. White's claim of racial bias is based solely on his assertion that he is black, Lindsey is white, and Treyshawn is biracial with light skin.

{¶ 15} "It is well settled that a criminal trial before a biased judge is fundamentally unfair and denies a defendant due process of law." (Citations omitted.) *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. Judicial bias is demonstrated by " 'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the

litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " *Id.*, quoting S*tate ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. " 'The existence of prejudice or bias against a party is a matter that is particularly within the knowledge and reflection of each individual judge and is difficult to question unless the judge specifically verbalizes personal bias or prejudice toward a party. ' " *In re McCormick*, 2d Dist. Clark Nos. 1998-CA-47, 1998-CA-48, 2000 WL 6198, *15 (Jan. 7, 2000), quoting *Okocha v. Fehrenbacher*, 101 Ohio App.3d 309, 322, 655 N.E.2d 744 (1995). Therefore, " 'a trial judge is presumed not to be biased or prejudiced, and the party alleging bias or prejudice must set forth evidence to overcome the presumption of integrity.' " *Id.*

{¶ 16} In this case, White failed to present any evidence to overcome the presumption against bias or prejudice on the part of the magistrate. More specifically, there is nothing in the record to support White's claim that the magistrate's decision to credit Treyshawn's and Lindsey's testimony was based on any kind of bias, racial or otherwise.

{¶ 17} "In a small-claims proceeding, the trial court is the trier of fact and has the duty to determine the credibility of the witnesses." *McCain v. Brewer*, 2d Dist. Darke No. 2014-CA-8, 2015-Ohio-198, ¶ 15. "An appellate court gives deference to a trial court's credibility determinations, because the trial court is 'best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Matter of Guardianship of Kindell*,

2d Dist. Miami No. 2022-CA-8, 2022-Ohio-3456, ¶ 39, quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 18} In this case, the record indicates that the magistrate's decision to credit Treyshawn's testimony that he did not take White's phones was based on the facts that no one, including White, personally saw Treyshawn take the phones and the phones were never recovered from Treyshawn or his residence. In addition, the magistrate found that Treyshawn could not be identified in White's surveillance video due to the video's poor quality. After reviewing the surveillance video, we agree that the quality of the video is poor, as it is very pixelated and blurry. In any event, this court must defer to the magistrate's determination that Treyshawn could not be identified in the surveillance video, because the magistrate had the opportunity to see Treyshawn in person at trial and because there was no additional evidence presented at trial to assist in identifying Treyshawn in the video.

{¶ 19} Given that Treyshawn could not be identified in the surveillance video, the magistrate's decision boiled down to the testimony presented at trial, the credibility of which was for the magistrate to determine. "This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of facts lost its way in arriving at its verdict." *Merriman v. Merriman*, 2d Dist. Darke No. 2010-CA-09, 2011-Ohio-128 ¶ 18, citing *State v. Bradley*, 2d Dist. Champaign No. 1997-CA-3, 1997 WL 691510 (Oct. 24, 1997). Because that is not the case here, we must defer to the magistrate's decision to credit Treyshawn and Lindsey's testimony.

{¶ 20} We note that White acknowledged in his appellate brief that he could have,

but did not, subpoena Treyshawn's sister and the detective who worked the case to testify at trial. While doing so may have proved beneficial to White's case, we stress that pro se litigants such as White " 'are not to be accorded greater rights and must accept the results of their own mistakes and errors.' " *Holfinger v. Stonespring/Carespring, L.L.C.*, 2d Dist. Montgomery No. 27091, 2016-Ohio-7982, ¶ 31, quoting *Meyers v. First Nat. Bank of Cincinnati*, 3 Ohio App.3d 209, 210, 444 N.E.2d 412 (1st Dist.1981).

**{¶ 21}** Because the credibility of the witnesses' testimony was for the magistrate to determine, and because there is nothing in the record supporting White's claim that the magistrate exhibited racial bias by choosing to credit Treyshawn and Lindsey's testimony, White's claim that he did not receive a fair trial lacks merit and is overruled.

### Conclusion

**{¶ 22}** Having overruled all of White's arguments, the judgment of the trial court dismissing White's small claims petition with prejudice is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and LEWIS, J., concur.

Copies sent to:

Saylor White
Lindsey Martin
Treyshawn Martin
Hon. Cynthia M. Heck